# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60269
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

Andre Walters,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A040 090 365

———————————————————————

Before Davis, Richman, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andre Walters, a native and citizen of Jamaica, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's determination that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to his conviction of an aggravated felony. In his reply brief, Walters indicates that he no longer disputes his claim of derivative

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

citizenship in this petition for review.  Thus, the only remaining issue here is whether his convictions on four counts of mail fraud satisfy the definition of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).

We have jurisdiction to review that question of law and consider it de novo. *See* 8 U.S.C. § 1252(a)(2)(D); *Fosu v. Garland*, 36 F.4th 634, 636–37 (5th Cir. 2022).  We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022).

Walters argues that his mail fraud convictions do not satisfy § 1101(a)(43)(M)(i) because they did not involve a loss exceeding $10,000, as his four counts of conviction involved checks totaling only $3,145.  He fails to show that the BIA's loss determination should be disturbed. His indictment alleged that he and co-defendants engaged in a scheme to defraud that resulted in a loss of over $5,000,000 and that his commission of mail fraud in the four specific instances underlying his convictions was for the purpose of executing or attempting to execute the scheme. Further, his sentence included restitution of $5,263,934, for which he was jointly and severally liable with his co-defendants. As such, there was clear and convincing evidence that the total loss from the entire fraudulent scheme, $5,263,934, was the correct loss amount for purposes of § 1101(a)(43)(M)(i). *See Hammerschmidt*, 54 F.4th at 288–89; *James v. Gonzales*, 464 F.3d 505, 511–12 (5th Cir. 2006).

Accordingly, the petition for review is DENIED.